UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


RICKY JAMES BROCK,                      )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )          3:05-CV-515
                                        )          (PHILLIPS/GUYTON)
JO ANNE B. BARNHART,                    )
Commissioner of Social Security,        )
                                        )
            Defendant.                  )


## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the

Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation

regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc.

10] and the defendant's motion for summary judgment. [Doc. 14]. Plaintiff Ricky James Brock seeks

judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the

defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements
> for a period of disability and Disability Insurance
> Benefits set forth in Section 216(I) of the Social
> Security Act and is insured for benefits through
> March 31, 2002.
>
> 2. The claimant has not engaged in substantial
> gainful activity since the alleged onset of disability.
>
> 3. The claimant's chronic obstructive pulmonary
> disease, degenerative disc disease of the cervical and
> lumbar spine, and high borderline intelligence, are
> considered "severe" based on the requirements in the

Regulations 20 C.F.R. §§ 404.1520© and 416.920©.

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant retains the residual functional capacity to perform work consistent with high borderline intelligence; work consistent with the ability to occasionally lift up to 35 pounds and frequently lift up to 15 pounds; work not requiring exposure to high levels of vapors, fumes, or pulmonary irritants; and work not requiring driving or exposure to heights or hazardous machinery due to potential sedating side-effects of medications. The claimant has no limitations in standing or walking.

7. The claimant is unable to perform any of his past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

8. The claimant is "a younger individual between the ages of 18 and 44" (20 C.F.R. §§ 404.1563 and 416.963).

9. The claimant has "a limited education" (20 C.F.R. §§ 404.1564 and 416.964).

10. Although claimant's exertional and non-exertional limitations do not allow him to perform the full range of work, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as a waiter's assistant, miscellaneous food prep occupations, janitorial jobs, hand packagers, packers, bagger, assemblers, examiners, and sorters. In the aggregate, approximately 90,000 to 100,000 of these jobs exist in the regional and national economy.

11. The claimant was not under a "disability," as defined in the Social Security Act, at any time

2

through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(Tr. 33).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed.   See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004);  Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987).  It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently.  See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed).  Substantial  evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff argues on appeal that substantial evidence did not support the decision of the ALJ, because: the ALJ erred in evaluating the severity of plaintiff's mental impairments and in failing to consider the effects of those impairments on plaintiff's ability to work; the ALJ rejected the opinions of the plaintiff's treating physician; and the ALJ failed to apply the proper standard in evaluating plaintiff's assertions of disabling pain. [Doc. 11].

The Commissioner contends that substantial evidence supports the ALJ's decision regarding the issues presented on appeal by the plaintiff.  The Commissioner argues that the ALJ correctly concluded that plaintiff was not disabled, because he could perform a significant number of medium work jobs in the regional and national economy, given his medical and vocational

characteristics. [Doc. 15].

Plaintiff first argues that the ALJ erred in evaluating the severity of plaintiff's mental impairments and in failing to consider the effects of those impairments on plaintiff's ability to work. Plaintiff contends that the ALJ erred by finding that plaintiff has no severe mental impairments other than high borderline intelligence. Plaintiff further contends that ALJ improperly ignored evidence from multiple medical sources regarding plaintiff's mental impairments, each of which constitute a mental condition that plaintiff argues should be considered "severe."

The Commissioner argues that the ALJ did not err in finding that plaintiff's only "severe" mental impairment is high borderline intelligence. Instead, the Commissioner points out that, because the ALJ found that plaintiff did suffer from "severe" impairments, such as plaintiff's high borderline intelligence, the ALJ was then required by federal regulations to consider all of plaintiff's medical impairments, severe or not. See 20 C.F.R. §§ 404.1523, 416.923. The Commissioner further contends that, because the ALJ was required to consider all of plaintiff's medical impairments, including plaintiff's non-severe mental impairments, it is irrelevant that some of the mental impairments were not classified as severe.

As the Commissioner noted, the ALJ determined at step two of the five-step evaluation that plaintiff suffered from some "severe" impairments. Once the determination was made that plaintiff suffered from one or more "severe" impairments, the ALJ was then required to consider all of plaintiff's medical conditions, severe or not. Thus, the Court finds that it is legally irrelevant that the ALJ did not find that plaintiff's other alleged conditions were "severe." The ALJ was still required to consider the conditions, whether they were severe or not, and the ALJ did, in

4

fact, consider plaintiff's physical and mental condition.[1]  Accordingly, this issue is without merit.

Plaintiff's second argument is that the ALJ erred by rejecting the opinions of the plaintiff's treating physician, Dr. Spiel.  As of the date of the hearing, Dr. Spiel had described plaintiff's physical impairments as including:

> able to lift or carry a maximum of ten pounds occasionally and five pounds frequently; able to stand or walk a total of two to three hours in an eight hour day, but only fifteen to thirty minutes without interruption; able to sit for a total of two hours in an eight hour day, but only fifteen to twenty minutes without interruption; able to occasionally climb, stoop, kneel, crouch, or crawl; and affected physical functions include reaching, feeling, pushing , and pulling.

(Tr. 448-49).  The assessment form notes that each of the assessments is based upon either patient interview, or a medical diagnosis, or a combination of both.  Dr. Spiel's mental assessment consisted

---

[1]In questioning the vocational expert about the availability of other jobs in the economy, the ALJ asked the vocational expert to consider an individual

> who is a younger individual that functions . . . at the high borderline range.  That is limited to lifting 35 pounds occasionally, 15 pounds frequently.  No limits in sitting and standing.  Should not be exposed to high levels of vapors, fumes, pulmonary or irritants.  And because of the potential sedating effect of medications prescribed the Claimant should not drive or work at heights or around hazardous machinery.

(Tr. 79-80).  Mental limitations included

> that his ability to follow work rules, relate to coworkers, deal with the public, use judgment, interact with supervisors, function independently is all fair – at least fair but to deal with work stresses is seriously limited but not precluded, and maintain attention and concentration is seriously limited but not precluded, understand, remember and carry out complex job instructions would be poor which is seriously limited but not precluded and for detailed would be fair and simple would be good, that making personal social adjustments would be all fair or better.

(Tr. 80).  Whether the ALJ erred in deciding which medical testimony to favor when positing the hypothetical will be discussed below.

5

of the following:

> good for follow work rules; poor/none for relate to co-workers and deal with public; fair for use judgment with the public, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration; fair for ability to understand, remember, and carry out complex job instructions; good for ability to understand, remember, and carry out detailed or simple job instructions; good for maintain personal appearance; fair for behave in an emotionally stable manner; and poor/none for ability to relate predictably in social situations and demonstrate reliability.

(Tr. 450-51). The assessment form notes that each of these assessments is based upon either patient interview, or a medical diagnosis, or a combination of both. However, the last section of the form[2] states that "[t]hese [assessments] are from interviewing patient. I cannot guarantee the accuracy of my assessment." (Tr. 451).

However, despite the assessment provided by Dr. Spiel, the hypothetical posited by the ALJ described an individual with differing restrictions,[3] restrictions based partially upon the testimony of other medical experts. Plaintiff argues that this discrepancy constitutes reversible error, because the Sixth Circuit has held that "[p]rovided that they are based on sufficient medical data, '[t]he medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference.'" Howard v. Commissioner of Social Security, 276 F.3d 235, 240 (6th Cir. 2002).

The Commissioner argues that the ALJ did not commit error in discounting Dr. Spiel's opinion. The Commissioner notes that federal regulations require that the opinion of a treating physician be given controlling weight only when the "treating source's opinion on the

---

[2]The section describing ability to maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability.

[3]See footnote 1, supra, for the ALJ's hypothetical.

6

issue(s) of the nature and severity of [the] impairment(s) is well-supported by medically acceptable

clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial

evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). When the treating

physician's opinion is not given controlling weight, it is instead balanced against a number of

factors described in the regulations, including the consistency of the treating physician's opinion

with the rest of the record and whether the treating physician's opinion is supported by objective

evidence. See 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

The Commissioner further notes that the Sixth Circuit has held that a treating

physician's opinion is not entitled to controlling weight when the treating physician does not support

his opinion with objective evidence or when the treating physician's opinion is based only on

medical diagnoses or the plaintiff's subjective complaints. See Warner v. Commissioner of Social

Security, 375 F.3d 387, 391 (6th Cir. 2004); Walters v. Commissioner of Social Security, 127 F.3d

525, 530 (6th Cir. 1997); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).

I find no error with the ALJ's decision to discount the testimony of plaintiff's treating

physician, Dr. Spiel. The record contains several conflicting evaluations of plaintiffs medical

status.[4] Furthermore, Dr. Spiel's assessment forms indicate that they rely upon medical diagnoses

and statements by the plaintiff. In one section of the mental assessment Dr. Spiel even states that

"These are from interviewing patient. I cannot guarantee the accuracy of my assessment." Given

that the medical evidence presented by Dr. Spiel conflicts with other testimony in the record, and

given the lack of objective evidence supporting Dr. Spiel's assessments, the ALJ was not required

---

[4]C.f. Dr. Blickenstaff's testimony (Tr. 75); Dr. Cohn's assessment (Tr. 331-37); Dr.
Page's assessment (Tr. 323-27); Dr. Spiel's assessment (Tr. 448-51).

to grant Dr. Spiel's medical opinion controlling weight, and was proper in considering all of the evidence as a whole. Given the "ALJ's unique opportunity to observe the claimant and judge her subjective complaints," it was well within the ALJ's purview to find that the evidence presented by plaintiff was not as credible as that presented by the Commissioner and to act accordingly. Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001).

Plaintiff's final argument is that the ALJ erred when he failed to apply the proper standard in evaluating plaintiff's assertions of disabling pain. Plaintiff correctly notes that the Sixth Circuit has established a two step process for evaluating a client's assertions of pain. The process established by the Sixth Circuit is:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Felisky v. Bowen, 35 F.3d 1027, 1038-39 (6th Cir. 1994).

However, this process only applies to claims of disabling pain supported by objective medical evidence. Subjective complaints of pain are subject to a different standard, as "subjective complaints of 'pain or other symptoms shall not alone be conclusive evidence of disability.'" Buxton, 246 at 773 (quoting 42 U.S.C. § 423(d)(5)(A)). "In evaluating the claimant's subjective complaints of pain an administrative law judge may properly consider the claimant's credibility, and we accord great deference to that credibility determination." Warner, 375 at 392.

The Commissioner argues that the ALJ did not err in discounting plaintiff's claim of disabling pain. The Commissioner notes that the ALJ provided several reasons for why the ALJ was discounting plaintiff's claim of suffering from disabling pain, including: that the claimant's symptoms improved with treatment; that there was insufficient evidence to show that the claimant

8

suffered from an impairment or combination of impairments which would be expected to result in severe or disabling pain; the claimant had not required hospitalization due to pain; medical examinations showed only some tenderness and decreased range of motion; as well as several other factors which negatively impacted plaintiff's credibility. (Tr. 31). The Commissioner further argues that the ALJ's decision is in the "zone of reasonable choice within which the decision makers can go either way, without interference by the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

I find no error with the ALJ's decision to discount plaintiff's claims of suffering from disabling pain. It is true that plaintiff has satisfied step one of the two step process for evaluating objective evidence of disabling pain, as there is objective evidence that plaintiff suffers from degenerative disc disease. (Tr. 307). However, plaintiff has not satisfied the second step of the two step process. Plaintiff must provide either objective medical evidence which proves the severity of the alleged pain, or the medical condition must be so severe as to produce the alleged disabling pain. The record does not support a finding for either of the possible step two factors. There is no objective medical evidence which proves the severity of plaintiff's alleged pain; it is instead all subjective, based upon plaintiff's claims. As for the severity of the medical condition, the ALJ pointed out in his opinion that there is conflicting evidence in the record as to the severity of plaintiff's back problems, a fact which was testified to by Dr. Blickenstaff. [Tr. 31, 74-75].

Given that plaintiff can not satisfy both steps of the two step process for evaluating objective evidence of disabling pain, we must instead consider the subjective evidence of disabling pain. However, since the evaluation of subjective evidence of pain is a credibility issue, we must provide great deference to the findings of the ALJ. In the instant case, the record contains evidence sufficient to support the ALJ's decision to discount plaintiff's testimony, including plaintiff's claims

9

of disabling pain. Examples of items which tend to show that the plaintiff's testimony might not be credible include: plaintiff was giving his pain medications to his wife; [Tr. 61, 295]; plaintiff tested negative for narcotics when he should have been taking Lortab; [Tr. 62, 393]; the report of Dr. Page which indicated that plaintiff was non-cooperative, non-reliable, and gave poor or no effort on several tests; [Tr. 325-26]; plaintiff's refusal to complete the Minnesota Multiphasic Personality Inventory; [Tr. 437]; Dr. Cohn's statements regarding plaintiff's lack of credibility; [Tr. 336]; and conflicting evidence over whether plaintiff was engaged in full time employment in 2002 [Tr. 55, 359]. All of these pieces of evidence, taken together, more than satisfy the substantial evidence standard, therefore the ALJ did not err in discounting plaintiff's claim of suffering from disabling pain.

For the reasons stated herein, it is hereby **RECOMMENDED**[5] that the plaintiff's motion for summary judgment [Doc. 10] be **DENIED** and that the defendant's motion for summary judgment [Doc. 14] be **GRANTED**.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[5]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

10