# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| RICKY JAMES BROCK, | ) |
| | ) |
|     PLAINTIFF | ) |
| | ) |
| V. | ) CIVIL ACTION NO. 3:05-CV-515 |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
|     DEFENDANT. | ) |

## ORDER

This Social Security appeal is before the Court on plaintiff's objection [Doc. 17] to the Report and Recommendation filed by United States Magistrate Judge H Bruce Guyton, on August 15, 2006 [Doc. 16]. Magistrate Judge Guyton recommended to grant defendant Commissioner's motion for summary judgment [Doc. 14] and to deny plaintiff's motion for summary judgement [Doc. 10].

Many, but not all of plaintiff's arguments/objections were previously raised and disposed of by the Magistrate Judge. As these arguments have already been analyzed or are without merit, the Court will only address a few specific arguments and summarily address the remaining here.

As to plaintiff's assertion that Dr. Schacht did not render a "definitive opinion" regarding the plaintiff's mental impairments, the Court believes that there is substantial

1

evidence from which the ALJ could conclude that there is lack of credible evidence establishing a severe mental impairment with restrictions.

As to plaintiff's assertion that Dr. Schacht and the ALJ did not consider the entire record, the Court finds that the record as a whole shows that plaintiff's mental impairments were properly determined by the ALJ. It is well-established in the Sixth Circuit that judicial review of the Commissioner's findings must be based upon the record as a whole and that the district court may look to portions of the record not discussed by the ALJ for substantial evidence to support the Commissioner's ultimate decision. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989). This is true even if the evidence in the record has not been cited by the ALJ. *Id.*

Plaintiff also asserts that the Magistrate Judge states in his Report and Recommendation that whether or not the plaintiff suffers from severe mental impairments is irrelevant. This is taken out of context. In fact, the Magistrate Judge states as follows:

> [T]he ALJ determined at step two of the five-step evaluation that plaintiff suffered from some "severe" impairments. Once the determination was made that plaintiff suffered from one or more "severe" impairments, the ALJ was then required to consider all of plaintiff's medical conditions, severe or not. Thus, the Court finds that it is legally irrelevant that the ALJ did not find that plaintiff's other alleged conditions were "severe." The ALJ was still required to consider the conditions, whether they were severe or not, and the ALJ did, in fact, consider plaintiff's physical and mental conditions.

Taken in context, the Court holds that the Magistrate Judge's conclusions are proper.

The Court concludes that the Magistrate Judge has thoroughly and correctly

analyzed the legal issues presented. After a careful review of this matter, the Court is in complete agreement with Magistrate Judge's recommendation.

Therefore, the Court **ACCEPTS IN WHOLE** the Report and Recommendation. It is further **ORDERED** that the plaintiff's motion for summary judgement [Doc. 10] is **DENIED**; the Commissioner's motion for summary judgement [Doc. 14] is **GRANTED**; the Commissioner's decision in this case denying the plaintiff's application for disability insurance benefits and supplemental security income benefits based on disability under the Social Security Act is **AFFIRMED**; and this case is **DISMISSED**.

    ENTER:

    S/Thomas W. Phillips
    United States District Judge